IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-CV-739

LHF PRODUCTIONS, INC., )
)
                Plaintiff, )
)
v. )
)
DOES 1-10, )
)
                Defendants. )
)

## ORDER ON MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

This cause came before the Court upon Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (the "Motion"). The Court, having reviewed the Motion and the Memorandum of Law in Support of the Motion, does hereby:

FIND, ORDER, ADJUDGE, and DECREE:

1.    Plaintiff has established good cause for the issuance of subpoena(s) to the Internet Service Provider(s) (the "ISPs") identified in Exhibit B of the Complaint.

2.    Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, permanent address, current addrees, telephone number, email address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an Internet Protocol ("IP") address as set forth in Exhibit B to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to

one of the Defendants.

    4.  Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
>  (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>  (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such cable system.

shall comply with 47 U.S.C. § 551(c)(2)(b0, which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is…made pursuant to a court order authorizing such disclosure, if the subscriber is noticed of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

    5.  The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenas information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address the is not controlled by such ISP, or for duplicate IP addresses that resolved to the same individual, or for an address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolved any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED.**  Signed: August 23, 2016

_____
LOUISE W. FLANAGAN
United States District Judge